IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

GREGORY CANYON PETERSEN,

       Plaintiff,

   v.

CAROLYN COLVIN,
Acting Commissioner of Social Security,

       Defendant.

No. 3:15-cv-01023-HZ

OPINION & ORDER

Gregory C. Petersen
17029 SE Powell Blvd.
Portland, OR 97236

   Pro Se Plaintiff

Ronald K. Silver
United States Attorneys Office
1000 SW Third Ave., Suite 600
Portland, OR 97204

   Attorney for Defendant

1 - OPINION & ORDER

HERNÁNDEZ, District Judge:

On June 10, 2015, Plaintiff Gregory Petersen filed an application to proceed *in forma pauperis* ("IFP") [1], a complaint [2], and a motion for appointment of counsel [3]. The Court granted Petersen's motion for leave to proceed IFP by minute order [5] on June 15, 2015. For the reasons stated, Petersen's motion for appointment of counsel is denied.

DISCUSSION

A district court may request an attorney to represent any person unable to afford counsel. 28 U.S.C. § 1915(e)(1). There is not, however, a constitutional right to counsel in a civil case, and 28 U.S.C § 1915 does not "authorize the appointment of counsel to involuntary service." United States v. 30.64 Acres of Land, 795 F.2d 796, 801 (9th Cir. 1986). The decision to appoint counsel is "within the sound discretion of the trial court and is granted only in exceptional circumstances." Agyeman v. Corrections Corp. of Am., 390 F.3d 1101, 1103 (9th Cir. 2004) (quotation marks and citation omitted). A finding of exceptional circumstances depends on two factors: the plaintiff's likelihood of success on the merits, and the plaintiff's ability to articulate his claims in light of the complexity of the legal issues involved. Id. Neither factor is dispositive and both must be viewed together before ruling on a request for counsel. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (citation omitted).

The Court does not find exceptional circumstances at this stage in the proceedings. The Court is unable to analyze the likelihood of success on the merits of Petersen's claims. He has filed a short complaint alleging that the Commissioner's decision denying his application for supplemental security income and disability insurance benefits was based on an "abuse of discretion . . . errors of law," and was "not supported by substantial evidence." Complaint at 1. While his complaint correctly states the controlling standard of review under which the Court

may eventually analyze the Commissioner's decision in his case, those conclusory allegations are not sufficient to examine whether Petersen's claims have merit.

Moreover, Petersen's complaint suggests that he has the ability to articulate his claims with sufficient clarity to move the case forward. It is well-organized, succinctly stated, and contains correct citations to the relevant statutes. Petersen seems to fully grasp the manner in which Social Security cases typically unfold, and he has requested appropriate relief. See Complaint at 1–2. Given Petersen's apparent ability to articulate his claims, it would be inappropriate to appoint pro bono counsel at this time.

If, after the Commissioner has answered Petersen's complaint and the parties have submitted their briefing, the case takes on additional complexity or it becomes clear that Petersen is unable to sufficiently present his claims, he can file another motion for appointment of counsel at that time.

## CONCLUSION

Because Petersen is able to articulate his claims and the Court is not yet able to analyze the merits of his case, Petersen's motion for appointment of counsel [3] is denied.

IT IS SO ORDERED.

Dated this ___11___ day of ___August___, 2015.

_____
MARCO A. HERNÁNDEZ
United States District Judge

3 - OPINION & ORDER